IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SEAN D. WOODSON, #05664-015 | * |
| | *  Civil Action No.  JKB-14-1189 |
| Petitioner | * |
| | * |
| v | * |
| | * |
| STATE'S ATTORNEY FOR THE STATE OF MARYLAND | * |
| | * |
| Respondent | * |

***

## MEMORANDUM

Sean Woodson, a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey, has filed a petition pursuant to 28 U.S.C. § 2241, claiming that respondent violated his rights under the Interstate Agreement on Detainers ("IAD") by failing to execute his detainers and resolve the pending violation of probation charges following his request that the charges be resolved.[1] As relief, Woodson seeks an order lifting the detainers and barring respondent from pursuing violation of probation proceedings against him.

## FACTS

Woodson states that he has been in federal custody under a District of Delaware sentence since October 8, 2009. On June 29, 2010, the Circuit Court for Anne Arundel County issued a warrant alleging Woodson violated his probation in cases K-07-215, 535, and 678, which resulted in the lodging of a detainer against him.  Woodson asserts that on November 21, 2012, he moved under the Interstate Agreement on Detainers Act in the Circuit Court for Anne Arundel County for a final disposition of the violation of probation proceedings, and no ruling

---

[1] A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

had been issued at the time Woodson filed this federal petition. This court takes note that Maryland Judiciary Website shows that on March 31, 2014, Woodson's Motion for Final Disposition or Dismissal of the Detainers in each of these cases was denied by Judge William C. Mulford II, Associate Judge of the Circuit Court for Anne Arundel County.[2]

## DISCUSSION

The IAD is a compact among certain states and jurisdictions, including Maryland, the District of Columbia, and the United States that "creates uniform procedures for lodging and executing a detainer," regarding transfer of custody from one jurisdiction to another of prisoners subject to outstanding charges in another jurisdiction. *See Alabama v. Bozeinan*, 533 U.S. 146, 148 (2001). Article III of the IAD requires that a prisoner sent from the state in which he is imprisoned to a state where he faces new charges (the receiving state) be brought to trial in the receiving state within 180 days. IAD § 2 Art. III(a). The IAD, however, applies only to detainers based on untried criminal charges, not to parole or probation violation charges. *See Carchman v. Nash*, 473 U.S. 716 (1985).

> The IAD provides at Article III(a) that:
>
> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any ***untried indictment, information, or complaint*** on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

(Emphasis added). If the prisoner requests final disposition of those charges, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or

---

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K07000215&loc=60&detailLoc=K; http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K07000535&loc=60&detailLoc=K; http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K07000678&loc=60&detailLoc=K.

dismissal of those charges will result. IAD Art. III(a)-(d).  If the prisoner requests final disposition of the charges, then he must be brought to trial by the receiving state within 180 days or the charges are dismissed.

The IAD applies only to cases where "there is pending in any other party state any untried indictment, information or complaint." In *Carchman*, 473 U.S. at 726, the United States Supreme Court "conclude[d] from the language of the [IAD] that a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III." (Emphasis added.). The Supreme Court explained:

> Article III by its terms applies to detainers based on "any untried indictment, information or complaint." The most natural interpretation of the words "indictment," "information," and "complaint" is that they refer to documents charging an individual with having committed a criminal offense. See Fed.Rules Crim. Proc. 3 (complaint) and 7 (indictment and information). This interpretation is reinforced by the adjective "untried," which would seem to refer to matters that can be brought to full trial, and by Art. III's requirement that a prisoner who requests final disposition of the indictment, information, or complaint "shall be brought to trial within 180 days."

*Id.* at 724–25. The Court concluded that "[t]he language of the Agreement therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner." *Id*.  Thus, the Supreme Court ruled:

> A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III. Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Indeed, in the context of the Agreement [the IAD], the probation-violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving his sentence in the sending State.
>
> Nor, of course, will the probationer be "prosecuted" or "brought to trial" on the criminal offense for which he initially was sentenced to probation, since he already will have been tried and convicted for that offense. Instead, the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified

> or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial.

*Id*. at 725–26 (emphasis added) (citations omitted).

Given that Woodson's detainer is based on an alleged violation of his probation, he is not entitled to a disposition under the IAD. *Carchman*, 473 U.S. at 724–25. Woodson's reliance on *Holly v. Mullendore*, CCB-10-2961 (D. Md. 2011), *Lee v. Maryland Parole Commission*, JKB-13-473 (D. Md. 2013), and *Foltz v. Green*, ELH-13-412 (D. Md.) for the proposition that the IAD applies to Maryland parole violation detainers is unavailing. These cases are readily distinguished from his case because none of these cases involved the IAD. Accordingly, the petition will be dismissed.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition. To the extent a certificate of appealability may be required for appeal, petitioner has not demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (internal quotation marks omitted), and a certificate of appealability will be denied. A separate order follows.

DATED this 6th day of May, 2014.

BY THE COURT:

    /s/
James K. Bredar
United States District Judge