IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SEAN D. WOODSON, #05664-015 | * |
| | *   Civil Action No.  JKB-14-1189 |
| Petitioner | * |
| | * |
| v. | * |
| | * |
| STATE'S ATTORNEY FOR THE STATE OF MARYLAND | * |
| | * |
| Respondent | * |

\*\*\*

## MEMORANDUM AND ORDER

In correspondence received on May 19, 2014, Sean D. Woodson expressed disagreement with the court's May 6, 2014, dismissal of his petition for writ of habeas corpus.  (ECF No. 5.) Mindful that Woodson is a self-represented litigant, the court will treat his correspondence as a motion for reconsideration.

A motion to reconsider under Federal Rules of Civil Procedure 59 (e) is granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Id.* (quoting 11 *Wright, et al., Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

Woodson's petition asserts that respondent violated his rights under the Interstate Agreement on Detainers ("IAD") by failing to execute his detainers and resolve pending violation of probation charges against him.  This court dismissed the petition because the IAD

does not apply to violation of probation charges.  *See Carchman v. Nash*, 473 U.S. 716, 724–25 (ruling speedy trial provisions of the IAD do not apply to detainers for violation of probation charges).

Woodson requests reconsideration based on the following allegations:  1) he has twice moved in the Circuit Court for Anne Arundel County to dispose of his probation proceedings, his March 5, 2014, motion was denied, and the earlier motion, filed on November 21, 2012, was never ruled upon; and 2) this court's reading of the case precedent on which he relied is flawed. Woodson's motions to resolve the detainers do not alter the holding in *Carchman*.  Second, the cases on which Woodson relied in his complaint are factually and legally distinguishable for reasons that were fully discussed in the memorandum that accompanied the dismissal order.  The standard for reconsideration is not satisfied and there is no cause to disturb the order dismissing this case.  As a final matter, Woodson's assertion regarding issuance of a certificate of appealability fails to provide any basis for reconsideration and is incorrect as a matter of law,[1] and his attacks on judicial cognition lack factual merit and are frivolous.

Accordingly, the motion for reconsideration (ECF No. 5) IS DENIED.  The Clerk SHALL SEND a copy of this order to plaintiff.

It is so ORDERED this 4th  day of June, 2014.

                                                        /s/
                                           James K. Bredar
                                         United States District Judge

---

[1] Unless a Circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.  *See* 28 U.S.C. § 2253 (c)(1).